IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMILLE GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2413-CM |
| ) | |
| **WAL-MART STORES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Jamille Griffin brings this Title VII gender discrimination suit against defendant Wal-Mart, claiming that Wal-Mart failed to hire him because of his gender – male.  Defendant has filed a Motion to Dismiss (Doc. 10), claiming that plaintiff failed to file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act(s).

Exhaustion of administrative remedies is required before instituting a Title VII action in federal court.  *Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993).  Specifically, a litigant must file a claim with the EEOC within 300 days of the allegedly discriminatory conduct before he may proceed in federal court. *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)).  This timely filing is a "prerequisite to a civil suit."  *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003).

Plaintiff's complaint alleges that the allegedly discriminatory act(s) occurred "[o]n or about November 2003."  Defendant argues that construing plaintiff's complaint liberally, the last date of possible

discrimination was November 30, 2003, which means that plaintiff's EEOC charge needed to be filed by September 27, 2004. Plaintiff filed his EEOC charge on October 8, 2004.

What defendant neglects to mention is that plaintiff's EEOC charge, which is attached to his complaint, actually states that the discriminatory conduct occurred from November 1, 2003 through February 25, 2004. In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Hall v. Bellmon,* 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

At this stage of the litigation, construing plaintiff's *pro se* complaint liberally, the court will not dismiss the complaint for failure to timely file an EEOC charge. At a later time, plaintiff's claims may be subject to dismissal if some or all of the allegedly discriminatory acts occurred more than 300 days before October 8, 2004, the date plaintiff filed his charge with the EEOC.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 11) is denied.

Dated this 7th day of December 2005, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**